UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Benjamin Mario Soto,　　　　　　　　　　　　　Civil No.:　13cv2191 (DWF/SER)

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

State of Minnesota 2nd Judicial District
Special Courts Division Domestic Abuse &
Harassment Office Case No. 62DAFA11104, et al, and

State of Minnesota Supreme and Appellate Courts Case:
A13-0522, et al,

　　　　　　　　Defendants.

---

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"). (Docket No. 2.) Plaintiff seeks IFP status pursuant to 28 U.S.C. § 1915. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the plaintiff files a complaint that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state an actionable claim for relief, a complaint must allege a set of specific historical facts, that, if proven true, entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: **the complaint must allege facts**, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286

1

(8th Cir. 1980) (emphasis added). The facts supporting a plaintiff's claims must be alleged clearly. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, most of Plaintiff's complaint is incomprehensible. As far as the Court can tell, he is attempting to sue a Minnesota state district court, as well as the Minnesota Court of Appeals and the Minnesota Supreme Court. Evidently, Plaintiff is dissatisfied with various rulings rendered in a prior Minnesota state court case in which he was a litigant. He apparently believes those rulings violated his federal constitutional rights.

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's current complaint does not meet this standard. The complaint does not describe any specific acts or omissions by any named Defendant that could entitle Plaintiff to any relief under any legal theory. Indeed, the complaint does not describe any specific historical events at all. At most, Plaintiff has alleged nothing more than legal conclusions.

The Court finds that even with the liberal construction required in *pro se* cases, (*Atkinson*, 91 F.3d at 1129, citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*)), Plaintiff's current complaint fails to state a cause of action on which relief may be granted.[1] Because

---

[1] The Court further notes that Plaintiff appears to be seeking federal court review of various state court orders and judgments, and he apparently wants the federal court to overturn those rulings. If that is indeed what Plaintiff is seeking in this action, (as clearly appears to be the case), then his current lawsuit would have to be summarily dismissed for lack of jurisdiction in any event, under the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Industries Corporation*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments").

Plaintiff failed to plead an actionable claim for relief, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that this action must be summarily dismissed, the Court will further recommend that Plaintiff's anomalous motion entitled "MOTION TO REQUEST PROCEEDING WITH ONLY ONE FILING TO THE U.S. DISTRICT COURT DISTRICT OF MINNESOTA," (Docket No. 4), be denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed *in forma pauperis*, (Docket No. 2), be DENIED;

2. Plaintiff's "MOTION TO REQUEST PROCEEDING WITH ONLY ONE FILING TO THE U.S. DISTRICT COURT DISTRICT OF MINNESOTA," (Docket No. 4), be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:  October 10, 2013           *s/Steven E Rau*
                                   Steven E. Rau
                                   U.S. Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 25, 2013** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.